GREENABAUM BROTHERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7757.      Promulgated February 7, 1927.

An appraisal based on cost of reproduction as of March 1, 1913, does not establish actual value as of that date.

*Andrew S. Wilson, C. P. A.,* for the petitioner.
*D. D. Shepard, Esq.,* for the respondent.

This proceeding results from the determination by respondent of a deficiency in income and profits taxes for the year 1917, in an amount less than $10,000. Petitioner alleges error in that the respondent, in the determination of net income for 1917, failed to allow the March 1, 1913, value of buildings for depreciation purposes; failed to restore and allow depreciation on items charged to expense from 1910 to 1916, and failed to make an adjustment of the reduction of the machinery account reduced in 1910 on the books of a predecessor partnership. At the hearing, petitioner waived the issue relating to the restoration of items charged to expense during the years 1910 to 1916.

### FINDINGS OF FACT.

The petitioner is a Delaware corporation, organized in 1912, and has its principal place of business at Seaford. The business of the corporation was originally conducted by one Greenabaum and one Van Lear, as a partnership. That partnership was dissolved in 1909 and the business was taken over by another partnership com-

posed of Greenabaum and one Stephany, which continued until the petitioner corporation was organized in 1912.

The buildings owned by petitioner consisted of a group of warehouse and factory buildings. One of the buildings had been erected in 1907 by the predecessor partnership. The partnership purchased the materials and the actual building was done by their regular employees. The fixed assets of the earlier partnership, as shown by the books, on May 1, 1909, were: Machinery, $29,385.44; buildings, $12,600; land $8,000; office furniture, $300. The total book value was $50,285.44. These assets were set up on the books of the subsequent partnership at its formation in January of 1910, under one item of $40,000. The buildings and machinery items were set up on the petitioner's books in 1912, the year of incorporation, as costing it $12,700 and $21,951.50, respectively.

During 1914 the petitioner had an appraisal of its buildings made for insurance purposes. The appraiser had long been in the business of a building contractor and was experienced in making appraisals for insurance purposes. The value of the buildings, based upon the cost of reproduction, was determined by the appraisal to be $44,109 at that time, and the replacement cost as of March 1, 1913, was approximately the same.

### OPINION.

MILLIKEN: No evidence, other than the mere showing of entries of the predecessor partnership and of the petitioner, was offered at the hearing concerning the alleged error in respondent's failure to restore to capital account and allow depreciation on the amount by which the machinery account was reduced on the books of the predecessor partnership. Obviously, such evidence is insufficient to warrant us in disturbing the respondent's determination upon this point.

With respect to the March 1, 1913, value of the buildings, the only evidence adduced was the testimony of a person who made an appraisal in 1914 upon the basis of the replacement cost. Even though we accept the appraisal made in 1914 as establishing the reproduction cost as of March 1, 1913, we are unable to determine the actual value of the buildings on March 1, 1913, as replacement cost gives no dependable index to actual value. *Appeal of Kinsman Transit Co.*, 1 B. T. A. 552; *Appeal of Valley Steamship Co.*, 1 B. T. A. 1107; *Appeal of Rockford Malleable Iron Works*, 2 B. T. A. 817. Being unable to determine the March 1, 1913, value, we must sustain the action taken by the respondent.

*Judgment will be entered for the respondent.*